# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:19CR00012 |
| v. | **OPINION AND ORDER** |
| ROBERT BARNES, | By: James P. Jones |
| Defendant. | United States District Judge |

*Debbie H. Stevens, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Robert Barnes, Defendant Pro Se.*

The defendant was convicted by a jury of possessing prohibited objects as an inmate of a federal prison in violation of 18 U.S.C. § 1791(a)(2), (b)(1), (d)(1)(C) (Count One) (methamphetamines); possessing prohibited objects as an inmate of a federal prison in violation of 18 U.S.C. § 1791(a)(2), (b)(2), (d)(1)(A) (Count Two) (amphetamines); possessing prohibited objects as an inmate of a federal prison in violation of 18 U.S.C. § 1791(a)(2), (b)(1), (d)(1)(C) (Count Three) (heroin); and possessing with the intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count Four).

The defendant was represented by two assistant federal public defenders during the course of the prosecution, but on the morning of his trial, after conducting

a *Faretta* hearing,[1] I granted his request to waive counsel and represent himself. I appointed the two assistant federal public defenders as standby counsel and they remained available in the courtroom with the defendant for consultation throughout the trial.

Following his trial, the defendant filed a timely pro se motion for judgment of acquittal or for a new trial. The United States responded, the defendant replied, and the matter is ripe for decision.

I.

On review of a motion for a judgment of acquittal under Rule 29, the court "must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the Government, to uphold the jury's decision." *Burks v. United States*, 437 U.S. 1, 17 (1978). In the context of a criminal conviction, substantial evidence is evidence that "a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Newsome*, 322 F.3d 328, 333 (4th Cir. 2003) (citation omitted). The court should consider "circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982).

---

[1] *Faretta v. California*, 422 U.S. 806, 835 (1975).

However, the court must not weigh the evidence or assess the credibility of witnesses, since this is the job of the jury. *Burks*, 437 U.S. at 17.

Rule 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The paradigmatic use of a Rule 33 motion is to seek a new trial on the ground that the jury's verdict was against the manifest weight of the evidence." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010) (internal quotation marks and citations omitted). Further, courts have "widely agreed that Rule 33's interest of justice standard allows the grant of a new trial where substantial legal error has occurred." *Id.* (internal quotation marks and citation omitted). "[A]ny error of sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial." *United States v. Wall*, 389 F.3d 457 (5th Cir. 2004) (citation omitted).

II.

The defendant was incarcerated in this judicial district at a United States Penitentiary. On September 12, 2018, he was discovered unresponsive. He was taken to the prison's medical department, where he was administered two injections of Narcan, to which he promptly responded, indicating a probable opioid drug overdose. He was then transported by correctional officers to a local hospital, where he was seen by an emergency department physician. Now fully alert, he told the doctor, in the presence of a correctional officer, that he had ingested seven balloons

or condoms, that he had obtained out of the prison, which contained heroin and methamphetamine. A urine sample taken from the defendant at the hospital tested positive for heroin and amphetamine.

The defendant told the doctor that some of the bags that he had swallowed had already been defecated, but there were two still inside him. Accordingly, the doctor ordered a bowel irrigation, producing the two remaining bags, which were given to prison authorities. Photographs of the bags were introduced by the government and a prison investigator testified that the substance taken from one of the bags, weighing three grams, appeared consistent with heroin. The substance taken from the other bag, weighing one gram, appeared consistent with methamphetamine. The investigator opined that the amount of heroin was a distribution amount. The investigator also testified that illicit drugs introduced through prison visitors during contact visits are typically packaged like those removed from the defendant and that the prison records showed that he had had such a visitor two days prior to his overdose.

The defendant did not testify or present any evidence.

The defendant contends that the government's evidence was insufficient to prove that the substances possessed by him were controlled substances in the absence of a laboratory test. However, it is established that "lay testimony and circumstantial evidence may be sufficient, without thee introduction of an expert

chemical analysis, to establish the identity of the substance involved in an alleged narcotics transaction." *United States v. Dolon*, 544 F.2d 1219, 1221 (4th Cir. 1976); *see United States v. Uwaeme*, 975 F.2d 1016, 1019 (4th Cir. 1992); *United States v. Scott*, 725 F.2d 43, 45–46 (4th Cir. 1984). "Such circumstantial proof may include evidence of the physical appearance of the substance, evidence that the substance produced the expected effects when used by someone familiar with the illegal drug, evidence that the substance was used in the same manner as the illegal drug, and evidence that the substance was called by the name of the illegal drug by the defendant or others in his presence." *United States v. Porter*, No. 99-4715, 2000 WL 524809, at *1 (4th Cir. May 2, 2000) (unpublished).

In the present case, there is ample evidence that the defendant possessed the controlled substances in question, including the defendant's heroin overdose two days after his contact visit, the blood test at the hospital, his incriminating statements to the doctor at the hospital, and the appearance of the drugs and their packaging as produced from the defendant at the hospital. Moreover, there is the unrebutted evidence from the experienced prison investigator that the weight of the drug produced from the defendant's bowel irrigation indicated that it was meant for distribution.

The second ground raised by the defendant relates to a field test for heroin known as the NIK test. Before the defendant waived counsel, his attorneys filed a

motion in limine to preclude introduction of the results of a NIK test performed by prison authorities on the drug sample produced by the defendant's bowel irrigation.[2] At a hearing on the motion, counsel called a retained expert, who testified that in his opinion the NIK test was unreliable. The motion in limine was denied, but in any event the government decided not to seek to admit the results of the NIK test at trial. Accordingly, the defendant's expert had no occasion to testify as to his opinion. The defendant contends that the government's failure to introduce the NIK test, so that he could attack it with his expert witness, violated his due process rights.

I find no such violation. As I have held, the government's evidence was sufficient for the jury to find that the defendant possessed controlled substances. The defendant's expert did not opine that the substances in question were not controlled substances, but only that the NIK test was not reliable enough to so prove. Since the government did not rely on that test to prove its case to the jury, the defendant was not harmed.[3]

---

[2] A NIK (Narcotics Identification Kit) field test, which relies on the color displayed for suspected drug samples and is in common use in law enforcement, is also used by the Bureau of Prisons in inmate administrative disciplinary proceedings, *Pompey v. English*, No. 19-3142-JWL, 2020 WL 243596, at *1 n.1 (D. Kan. Jan. 16, 2020), and has been upheld in such a context in the face of attacks on its reliability, *see, e.g., Cummings v. Romero*, No. 1:18-cv-01850-RDP-JHE, 2019 WL 6718969, at *2 (N.D. Ala. Nov. 15, 2019).

[3] The defendant also objects because the government did not seek to admit a DEA laboratory analysis at trial, but there is no contention that any such test, if it existed, would have been beneficial to the defendant.

III.

For the foregoing reasons, it is **ORDERED** that the defendant's Motion for Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29(c) and for a New Trial Pursuant to Federal Rule of Criminal Procedure 33(a), ECF No. 86, is DENIED.

ENTER: February 7, 2020

/s/ *James P. Jones*
United States District Judge